UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY N. TUNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV77SNL |
| ) | |
| CITY OF BELLA VILLA and ) | |
| OFFICER CHRISTOPHER EVELAND, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this §1983 action alleging violations of his First and Fourteenth Amendment rights. Plaintiff alleges that defendant Eveland retaliated against plaintiff by arresting him, and later, failing to provide him with a Form 2385 (as required by state law), in retaliation for plaintiff's expressive behavior. Plaintiff further asserts a claim of municipal liability based primarily upon failing to train, supervise and/or control defendant Eveland, and for having Bella Villa police officers engage in a generalized "pattern of similar transgressions". This matter is before the Court on defendants' motion to strike expert witness endorsements (#32), filed May 20, 2008. Responsive pleadings have now been filed. This matter is set for jury trial on the Court's docket of June 16, 2008.

The instant motion addresses the purported plaintiff's experts' testimony of Mark McCloskey and Lt. Anthony Russo. Upon review of the parties' pleadings, the submitted exhibits, and the relevant caselaw, the Court will grant the motion in its entirety.

Federal Rule of Evidence 702 provides for the admission of expert testimony if certain prerequisites are met:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue , a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In making this determination, the court acts as a "gate-keeper" to ensure that all expert testimony or evidence admitted at trial is relevant, reliable, and "will assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert v. Merrill Dow Pharmaceutical, Inc., 509 U.S. at 589.

In the present case, the issues are quite clear: 1) whether defendant Eveland violated plaintiff's 1st and 14th Amendment rights by arresting him following plaintiff's expressive opinion about defendant Eveland's occupation; 2) whether defendant Eveland violated plaintiff's 1st and 14th Amendment rights by failing to give him a Missouri statutorily required Form 2385 following his arrest for DWI[1]; 3) whether the City of Bella Villa failed to properly train, supervise and/or control defendant Eveland; and 4) whether the City of Bella Villa allowed defendant Eveland to engage in a continuing pattern of transgression by Bella Villa police officers in general. This is not a case concerning the protocol in connection with the arrest of plaintiff, despite the plaintiff's last minute assertions to the contrary.

## Mark T. McCloskey

Plaintiff has endorsed attorney McCloskey for the point that defendant Eveland had no right to give chase to the plaintiff, and leave his own city limits, unless defendant Eveland had seen the plaintiff commit a crime within the City of Bella Villa.

---

[1] Driving While Intoxicated

2

Upon review, the Court finds this testimony inadmissible in that plaintiff has failed to establish the reliability and relevancy of McCloskey's testimony, by a preponderance of the evidence. *See*, Lauzon v. Senco Products, Inc., 270 F.3d. 681, 686 (8th Cir. 2001) *citing* Daubert, 509 U.S. at 592-93.

Aside from his practice as an attorney, plaintiff has failed to "identify any experience, skill, training, or education" which would qualify McCloskey to form an opinion about the conduct of law enforcement officers. *See*, Carlson v. C.H. Robinson Worldwide, Inc., 2005 WL 758602, *4 (D.Minn. March 31, 2005). His curriculum vitae shows no background in either civil rights litigation or criminal defense, especially as to police liability. Plaintiff contends that "any attorney looking at the law on whether a 4th class officer can give chase and arrest a person for an offense occurring outside his city limits would conclude that the officer may not do so." The fact that attorneys, by the very nature of their occupation, can look up laws and draw legal conclusion for themselves to promote, does not meet the requirements of Rule 702 or Daubert, *supra.*

Plaintiff further contends that the testimony of McCloskey is relevant because "it goes to the overall lawlessness of the acts of Officer Eveland . . .". Again, plaintiff is mistaken in the purpose for providing expert testimony to the trier of fact. Firstly, although plaintiff appears to now be raising an issue of probable cause regarding his arrest, the fact is that he nowhere challenges the validity of his convictions from this arrest. The only claims present in this case are First Amendment retaliation and denial of access to courts claims (and a tangent municipal liability claim). Nowhere does plaintiff challenge his convictions in the state court based upon how his arrest occurred. His only claim is that the motivation for the arrest was his outspoken comment regarding defendant Eveland's occupation. The protocol followed in arresting plaintiff, outside

his claim regarding the furnishing of Form 2385, is totally irrelevant to this lawsuit. Thus, McCloskey's testimony regarding the "lawlessness" of plaintiff's arrest is irrelevant.

Finally, McCloskey's testimony is nothing more than a proffer of legal conclusions regarding probable cause, and interpretation of Missouri law. Probable cause, as are interpretations of statutes, is an ultimate question of fact for the court; whereas, "[t]he jury's role is limited to settling disputes as to predicate facts." Peterson v. City of Plymouth, 60 F.3d. 469, 475 (8th Cir. 1995).[2]

## Lt. Anthony Russo

As to Lt. Russo, plaintiff offers the following areas as to which his testimony is "critical":

> 1) "Police officers are subject to the kind of remark made by Plaintiff in this case all the time, and the correct response under proper police procedures is to ignore such remarks;
>
> 2) If Plaintiff did swerve to hit Officer Eveland, it would have been proper police procedure for Officer Eveland to have charged Plaintiff with assault on a police officer;
>
> 3) Officer Eveland did not follow proper police procedures in charging Plaintiff with a DWI before he had any proper indicia of suspicion; (Plaintiff notes that in contrast to the report, para. 9, Lt. Russo will not reach the ultimate issue of probable cause);
>
> 4) In the real world many drivers are slow to pull over; and;
>
> 5) Officer Eveland failed to follow proper police procedure when he omitted a significant detail in his report, that is, that Plaintiff told the City Officers he had a gun before the search of the car, and;

---

[2]Plaintiff also makes an interesting, albeit unacceptable, alternative suggestion: if the Court strikes McCloskey's testimony, then it should give the following instruction: "Under Missouri law Defendant Officer Eveland, as a police officer of the 4th Class city of Bella Villa, had a right to arrest Plaintiff only for crimes which he observed Plaintiff commit inside the city limits of Bella Villa." The matter of instructions to be given in this case, assuming it makes it to trial, is totally separate and independent of this Court's determination of whether McCloskey's testimony meets the requirements for expert testimony.

4

> 6) It is proper police procedure for a department to have policies on pursuit outside of the jurisdiction, etc."

Once again, Lt. Russo's opinions are totally irrelevant to the constitutional claims existing in this lawsuit. All of Lt. Russo's proffered testimony as to "proper police procedures" in effectuating the arrest is totally irrelevant because plaintiff never challenged his arrest or convictions in state court. His only claim against defendant Eveland is motivation for the arrest, and the alleged failure to give him a Form 2385. None of Lt. Russo's "proper police procedures" testimony goes to the First Amendment issues. Furthermore, contrary to plaintiff's assertions, this testimony does conflict with the teachings of Peterson, *supra*.[3] Lt. Russo's testimony is primarily legal conclusions that are within the purview of the Court. His opinions are not helpful to the jury as the trier of fact, but rather, impose his legal conclusions on the jury.

For example, testimony as to "[i]n the real world many drivers are slow to pull over" is not an expert opinion but rather a conclusion based upon any layman's experience and up to the jury to consider.

Furthermore, whether or not defendant left out of his report a detail regarding plaintiff's alleged confession to the City Police of having a gun in the car at the time of his arrest, is a fact which its significance would be for the jury to consider.

Finally, whether or not it is "proper police procedures" to have policies regarding pursuits outside the jurisdiction is irrelevant to any issue in this case. This is not a §1983 "high speed police pursuit" case.

Essentially, all Lt. Russo offers in this case is his opinions on the properness of arrest protocol utilized by defendant Eveland; however, such protocol is not at issue here. His opinions

---

[3] To see the Court's more expansive review of Peterson, *supra.*, see the Court's Order #49, filed July 26, 2007 in a related case, Schmidt v. City of Bella Villa, et.al., 4:06CV265SNL.

do not assist the jury in reaching the ultimate fact determinations, but rather invade the purview of the Court by offering legal conclusions as to the reasonableness of defendant Eveland's actions, which presumably would be considered under Fourth Amendment standards, not First Amendment. Lt. Russo's opinions are for the most part legal conclusions outside the realm of admissible expert testimony.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike (#32) be and is **GRANTED.** The reports and all purported testimony of Mark McCloskey and Lt. Anthony Russo shall be stricken from the record and considered inadmissible at trial.

Dated this   10th   day of June, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE